**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>

IMELDA DIAZ RICO SANCHEZ;
JORGE SANCHEZ DE LA TORRE,
        Petitioner,

    v.

ERIC H. HOLDER Jr., Attorney General,

        Respondent.

</td><td>

Nos. 07-73681
      07-73682

Agency Nos. A096-339-602
            A096-339-601

MEMORANDUM<sup>*</sup>

</td></tr>
</table>

On Petitions for Review of Orders of the
Board of Immigration Appeals

Submitted April 5, 2010<sup>**</sup>

Before:     RYMER, McKEOWN, and PAEZ, Circuit Judges.

    In these consolidated petitions for review, Imelda Diaz Rico Sanchez and

Jorge Sanchez De La Torre, natives and citizens of Mexico, petition for review of

the Board of Immigration Appeals' orders dismissing their appeals from an

immigration judge's decisions denying their applications for cancellation of

---

    <sup>*</sup>     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    <sup>**</sup>     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence the agency's continuous physical presence and good moral character determinations, *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 618 (9th Cir. 2006); *Ramos v. INS*, 246 F.3d 1264, 1266 (9th Cir. 2001). We deny the petitions for review.

Substantial evidence supports the agency's adverse credibility finding because Diaz Rico Sanchez's testimony regarding her date of entry to the United States was inconsistent with her testimony regarding her dates of schooling and with her witness' testimony regarding where the witness met Diaz Rico Sanchez upon entry. *Cf. Vera-Villegas v. INS*, 330 F.3d 1222, 1231-34 (9th Cir. 2003). Moreover, Diaz Rico Sanchez failed to provide sufficient supporting documentation or witnesses attesting to her presence prior to 1994. *See Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir. 2001) (holding that an IJ may require documentary evidence when she either does not believe an applicant or does not know what to believe). The agency therefore properly concluded that Diaz Rico Sanchez did not meet her burden to establish continuous physical presence. *See* 8 U.S.C. § 1229b(b)(1)(A).

Substantial evidence supports the agency's conclusion that Sanchez De La Torre failed to meet his burden of demonstrating good moral character. *See* 8

2

C.F.R. § 1240.8 (petitioner bears the burden of proof if the evidence indicates that one or more of the grounds for the mandatory denial of the application for relief may apply). Sanchez De La Torre admitted that he lied to procure a border crossing card and failed to establish that this occurred before the relevant time period for demonstrating good moral character or that he was not under oath. *See* 8 U.S.C. § 1101(f)(6) (no person shall be found to be a person of good moral character who has given false testimony for the purpose of obtaining any immigration benefits).

**PETITIONS FOR REVIEW DENIED.**